UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARDINAL HEALTH 110, LLC,**

      **Plaintiff,**

  v.                                **Civil Action 2:25-cv-152**
                                           **Judge Algenon L. Marbley**
                                           **Magistrate Judge Chelsey M. Vascura**

**SRINIVASA TALLA,** *et al.,*

      **Defendants.**

## ORDER

      This matter is before the Court on Plaintiff's Motion for Leave to File Exhibits Under Seal. (ECF No. 12.) Plaintiff seeks to file under seal "certain presently-labeled-confidential exhibits" that are used in connection to its Complaint and its Brief in Opposition to Defendants' Motion to Dismiss. (*Id.*) Plaintiff asserts that these documents contain "confidential financial and transactional information." (*Id.*) For the reasons that follow, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

      There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News– Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2

(S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit. Plaintiff fails to specify exactly which documents it seeks to seal and fails to set forth compelling reasons justifying the sealing of documents, asserting only that the documents contain "confidential financial and transactional information." (ECF No. 12.) Thus, Plaintiff failed to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc.*, 297 F.3d, at 548). Further, such a conclusory statement prevents this Court from making any findings or conclusions which could justify preventing public access to the record. *See Rudd Equip. Co., Inc.*, 834 F.3d at 594.

For the foregoing reasons, Plaintiff's Motion (ECF No. 12) is **DENIED WITHOUT PREJUDICE** to Plaintiff filing a properly supported motion. Plaintiff must file any motion to file the documents in question under seal **WITHIN SEVEN DAYS** of the date of this Order. Plaintiff is cautioned that any forthcoming motion must meet the standards set forth by the Sixth Circuit and should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

**IT IS SO ORDERED.**

                                              /s/ *Chelsey M. Vascura*
                                              CHELSEY M. VASCURA
                                              UNITED STATES MAGISTRATE JUDGE